**Vernon KIRBY and Jamie Kirby, Plaintiffs,**

v.

**TENNESSEE VALLEY AUTHORITY, Defendant.**

**Civ. No. 93–HM–1057–NW.**

United States District Court, N.D. Alabama, Northwestern Division.

Feb. 14, 1994.

Richard Bounds, John T. Crowder, Jr., Cunningham, Bounds, Yance, Crowder & Brown, Mobile, AL, John E. Higginbotham, Thomas W. McCutcheon, Higginbotham, Whitten & McCutcheon, Florence, AL, for plaintiffs.

Thomas A. Robins, Edward S. Christenbury, James E. Fox, Edwin W. Small, Tennessee Valley Authority, Knoxville, TN, for defendant.

## MEMORANDUM OPINION

HALTOM, Senior District Judge.

The above-entitled civil action wherein **Plaintiffs Vernon Kirby and Jamie Kirby** [wife] seek to recover damages against the **Defendant Tennessee Valley Authority** ["TVA"] based on Plaintiff Vernon Kirby's June 25, 1992 fall on the premises of TVA's Browns Ferry Nuclear Plant ["Browns Ferry"] in Limestone County, Alabama at a time when he was an employee of Stone & Webster Engineering Corporation, Inc. ["Stone & Webster"] performing work for his employer on a TVA project in the ordinary course of that employment [Compl. Counts I–XII] is before the Court upon TVA's Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss incorporated in its Answer to Plaintiffs' complaint [Answer, first defense].

Counts I–XI, inclusive, of the complaint are asserted solely by Plaintiff Vernon Kirby. Count XII of the complaint is brought solely by Plaintiff Jamie Kirby, wife of Vernon Kirby, for loss of consortium and is premised upon the same fault theory of liability asserted herein by her husband against TVA.

In support of its 12(b)(6) motion to dismiss Plaintiffs' complaint in the above-entitled civil action TVA submits brief and argument

citing State of Alabama statutory authority that it can be held liable in this case for Plaintiff Vernon Kirby's alleged injuries and for Plaintiff Jamie Kirby's Count XII claim for loss of consortium **only for willful conduct,** *which is not alleged by Plaintiffs in their complaint herein.* Thus, argues TVA, the Plaintiffs' complaint fails to state a claim upon which relief can be granted.

For the reasons hereinafter set out this United States District Court agrees with TVA's stated position.

## ESSENTIAL ALLEGATIONS OF PLAINTIFFS' COMPLAINT

### COUNT I

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reason-ably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. [Remainder of ¶ 4 omitted].

### COUNT II

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and

premises involved with the Plaintiff's work and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. [Remainder of ¶ 4 omitted].

5. Plaintiff avers that one or more of the named and/or fictitious Defendants undertook to make inspections and/or had the duty to make inspections of the work area and/or stairways wherein the Plaintiff was performing the aforesaid work. Further, said Defendants had a duty and/or voluntarily undertook to provide Plaintiff with a safe place to work.

6. Plaintiff avers that said Defendants negligently and/or wantonly inspected and/or failed to inspect said are and/or stairways with regard to safety. Plaintiff further avers that said Defendants had a duty and/or voluntarily undertook to provide Plaintiff with a safe place to work and negligently and/or wantonly failed to provide a safe work environment.

### COUNT III

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused

the Plaintiff to fall. [Remainder of ¶ 4 omitted].

5. Plaintiff avers that one or more of the named and/or fictitious Defendants had a duty and/or undertook to direct, supervise and control the conditions, method and manner in which the Plaintiff performed his work.

6. Said Defendants negligently and/or wantonly controlled and supervised or failed to control and supervise the conditions, methods and manner in which the Plaintiff performed said work. As a proximate consequence of said Defendants' negligence and or wantonness, Plaintiff received injuries and damages as set out in Count I hereof.

## COUNT IV

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or

wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. [Remainder of ¶ 4 omitted].

5. Plaintiff avers that one or more of the name and/or fictitious Defendants negligently and/or wantonly caused or allowed the stairway being used by the Plaintiff at the time of his injuries as alleged herein to be in a dangerous and defective condition creating an unreasonable danger and hazard to the Plaintiff.

## COUNT V

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plain-

tiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. [Remainder of ¶ 4 omitted].

5. Plaintiff avers Tennessee Valley Authority knew or had reason to know that said project included work in an area with defective stairways thus involving a special danger to others inherent in or normal to the work when making the contract with Stone and Webster. Said project involved a non-delegatable duty on behalf of said Defendant to take appropriate safety measures and Defendant was obligated to monitor the contractor to make a special effort to see that the safety of the workers was protected.

6. Said Defendant allowed the work to progress disregarding safety requirements and jeopardized the lives and safety of the workers by allowing the work to proceed in a manner or area which was unsafe, and allowing a dangerous or defective stairways to be utilized in the work being done.

## COUNT VI

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways

for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. [Remainder of ¶ 4 omitted].

## COUNT VII

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. [Remainder of ¶ 4 omitted].

5. On or about June 25, 1992, or sometime prior thereto, the Defendant, Tennessee Valley Authority, undertook to perform safety inspections of the ways, means, methods, equipment and work environments regarding said project.

6. Plaintiff avers that said Defendant performed the above-referenced safety inspections in a negligent manner.

## COUNT VIII

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to pro-

tect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25-1-1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. Plaintiff suffered severe injuries to his neck, spine, pelvis, and hips, along with other injuries. He was caused to suffer great pain and mental anguish and was caused to lose time from his employment and to incur expenses in and about the treatment of his injuries. He was caused to suffer permanent, disability physical and neurological injuries. He was caused to suffer a decline in general quality and enjoyment of life, suffer emotional detriment, annoyance and inconvenience.

5. On or about June 25, 1992, there was in full force and effect a contractual relationship between one or more of the fictitious Defendants and Stone & Webster, insuring said Stone & Webster, for general comprehensive liability insurance or worker's compensation insurance. Plaintiff avers that as part of the consideration flowing to the above-referenced insurance companies from Stone & Webster, said insurance companies agreed expressly and/or implicitly to perform inspection of the ways, means, methods, operations, equipment and work environment for safety, including the stairways.

6. Plaintiff was a third party beneficiary of the contractual relationship between said insurance companies and Stone & Webster.

7. The Defendant's insurance companies breached their agreement with Stone & Webster, by not performing said safety inspections thereby directly and proximately resulting in the injuries and damages to Plaintiff as set out in Count I hereof.

## COUNT IX

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work

and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. [Remainder of ¶ 4 omitted].

5. Plaintiff avers that on the date and time complained of, Tennessee Valley Authority negligently or wantonly failed to furnish and use safety devices and safe guards and adopt and use methods and processes reasonably adequate to render the place where Plaintiff's employment was performed reasonably safe and failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff as required by *Code of Alabama, (1975),* Title 25, Chapter 1, Section 1.

### COUNT X

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. [Remainder of ¶ 4 omitted].

5. Plaintiff avers that the named and/or fictitious defendants negligently and/or wantonly designed, assembled or inspected said stairway by not providing for sufficient protection of the Plaintiff, and that said Defendants knew or should have

known that the safety handrail or stairway was eminently dangerous and unsafe to the human body when being used for its intended purpose, and as a direct and proximate consequence of the negligence and/or wantonness of the Defendants as aforesaid, or the concurring or combined negligence of said Defendants, the safety handrail malfunctioned, causing the injuries to the Plaintiff as alleged in Count I hereof.

6. Plaintiff further avers that the named and fictitious Defendant knew or in exercising reasonable diligence should have known that said safety handrail was unsafe to the human body when being used for its intended purposes, and that the Defendants negligently and/or wantonly failed to warn the Plaintiff of the dangerous propensities inherent in respect to the use of said stairway.

## COUNT XI

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work and negligently and/or wantonly failed to

adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. [Remainder of ¶ 4 omitted].

5. Plaintiff avers that one or more of the fictitious Defendants undertook to make inspections and/or had the duty to make inspections of the area, including stairways, wherein Plaintiff was performing the aforesaid work. Plaintiff avers that said Defendant had a duty and/or undertook to provide Plaintiff with a safe place to work.

6. Plaintiff avers that said Defendants negligently inspected and/or failed to inspect said area, including stairways with regard to safety. Plaintiff further avers that said Defendants had a duty and/or undertook to provide Plaintiff with a safe place to work and negligently failed to provide same.

## COUNT XII
[Wife's Claim For Relief]

1. On or about June 25, 1992, the Plaintiff, Vernon Kirby, was an employee of Stone & Webster, and on said date the Plaintiff was performing work and labor for said employer in the ordinary course of

his employment on a project for Tennessee Valley Authority in Limestone County at Browns Ferry Nuclear Power Plant in Athens, Alabama.

2. At such time and place, Tennessee Valley Authority and/or the fictitious Defendants were responsible for the supervision and inspection of the operations, equipment, safety precautions and premises involved in the work being done by the Plaintiff, and each of said Defendants had a duty to adopt and use methods and processes adequate to render the Plaintiff's employment reasonably safe and to do everything reasonably necessary to protect the life, health and safety of the Plaintiff.

3. At such time and place or sometime prior thereto, said defendants negligently and/or wantonly discharged their responsibilities in reference to the supervision and inspection of the operations, equipment, safety equipment, safety precautions and premises involved with the Plaintiff's work and negligently and/or wantonly failed to adopt and use methods and processes adequate to render Plaintiff's employment reasonably safe, and negligently and/or wantonly failed to do everything reasonably necessary to protect the life, health and safety of the Plaintiff by inter alia:

(a) Failing to warn Plaintiff of known dangers;

(b) Failing to provide Plaintiff with proper safeguards, safety apparatus, safety equipment or procedures;

(c) Providing faulty or defective safety equipment or safety handrails or stairways for the work being performed by the Plaintiff;

(d) Failing to provide Plaintiff with a safe work place pursuant to *Code of Alabama* § 25–1–1.

4. As a proximate consequence of the Defendant's said negligence and/or wantonness, the Plaintiff suffered the following injuries and damages when a series of steps of uneven length and height in a defective condition safety handrail caused the Plaintiff to fall. [Remainder of ¶ 4 omitted].

5. Plaintiff, Jamie Kirby, in her individual capacity, hereby adopts all the words and realleges all the allegations contained in this complaint.

6. Plaintiff avers that the aforesaid wrongful conduct of each of the Defendants combined and concurred, and as a proximate result of the combined and concurring wrongful conduct, she was caused to be injured and damaged as follows: She was deprived of the care, comfort, companionship, services and consortium of her husband, Vernon Kirby, and was caused to suffer great emotional distress and mental anguish.

### COURT'S ANALYSIS OF PLAINTIFFS' COMPLAINT

It clearly appears from Plaintiffs' complaint in the above-entitled civil action that their claims for relief against TVA are based **of necessity** upon allegations that TVA had or assumed duties to employees of Stone & Webster working at TVA's Browns Ferry nuclear facility to provide such Stone & Webster employees various occupational safety and health services [making safety inspections, providing safety training, providing safety equipment, providing safety procedures and warning of safety hazards]. The complaint alleges "... that TVA negligently and/or wantonly discharged [its] responsibilities with respect to those duties" [Counts I–XII ¶¶ 2–3]. **TVA strenuously argues in brief in support of its 12(b)(6) motion to dismiss Plaintiffs' claims for relief that Plaintiffs wholly ignore that under applicable Alabama law [1] a governmental agency providing occupational safety and health and services to employees of another can only be held liable for willful conduct.**

1. State law governs the elements of a cause of action in tort brought against TVA under the "sue and be sued" clause of the TVA Act (16 U.S.C. § 831c(b) (1988)). *See, e.g., Wayne v. TVA*, 730 F.2d 392, 400 (5th Cir.1984), *cert. denied,* 469 U.S. 1159, 105 S.Ct. 908, 83 L.Ed.2d 922 (1985); *Smith v. TVA*, 699 F.2d 1043, 1045 (11th Cir.1983); *Kentucky Agric. Energy Corp. v. Bowling Green Mun. Utils. Bd.*, 735 F.Supp. 226, 228 (W.D.Ky.1989).

### APPLICABLE PROVISIONS OF ALABAMA WORKMEN'S COMPENSATION STATUTE

As a matter of Federal policy and statutory law, the provisions of the Alabama Workmen's Compensation Act are fully applicable to employees of Stone & Webster performing work in the TVA premises designated as Brown Ferry. The applicable Federal statute, 40 U.S.C. § 290 (1988), specifically provides for the application of state workmen's compensation laws:

to all lands and premises ... and to all projects, buildings, constructions, improvements and property belonging to the United States of America, which is within the exterior boundaries of any State, in the same way and to the same extent as if said premises were under the exclusive jurisdiction of the State within whose exterior boundaries such place may be.

See also *Stacey v. United States,* 270 F.Supp. 71, 75 (E.D.La.1967) ("The Louisiana Workmen's Compensation statute is applicable to federal properties. 40 U.S.C. § 290."). Browns Ferry is, of course, such property. Under the TVA Act, 16 U.S.C. § 831c(h) (1988), title to all real estate acquired by TVA, whether by condemnation or purchase, must "be taken in the name of the United States of America, and thereupon all such real estate shall be entrusted to the Corporation as the agent of the United States to accomplish the purposes of this chapter." *See United States ex rel. TVA v. Pressnell,* 328 F.2d 580, 581–82 (6th Cir.1964).

§ 25–5–11, Code of Alabama 1975, as amended, provides in pertinent part:

In the injury or death for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, whether or not the party is subject to this chapter, the employee, or his or her dependents in case of death, may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury or death, and the amount of the damages shall be ascertained and determined without regard to this chapter. *If a party, other than the employer ... is a governmental agency providing occupational safety and health services ... the injured employee,* or his or her dependents in the case of death, *may bring an action against ... the governmental agency ... only for willful conduct which results in or proximately causes the injury* or death ... (emphasis supplied).

§ 25–5–53, Code of Alabama 1975, as amended (1992), provides:

**[I]mmunity from civil liability for all causes of action except those based upon willful conduct shall also extend ... to a governmental agency providing occupational safety and health services....** (emphasis supplied).

### HOLDING

Without question the Defendant TVA is a government agency. 16 U.S.C. § 831r [declaring TVA to be "an instrumentality and agency of the Government of the United States"]. The Eleventh Circuit Court of Appeals recognized that TVA is a federally owned corporation that acts as an agency or instrumentality of the United States in *Springer v. Bryant,* 897 F.2d 1085, 1089 (11th Cir.1990).

A reasonable construction of the allegations of the Plaintiffs' complaint in the above-entitled civil action is that at the time and place in question, that is on June 25, 1992 at TVA's Browns Ferry Nuclear Power facility in Limestone County, Alabama where Plaintiff Vernon Kirby was working and was injured while he was an employee of Stone & Webster performing work for his employer, Defendant TVA was a governmental agency then and there and prior thereto providing **[according to Plaintiffs' complaint]** occupational safety and health services to Stone & Webster employees, including the Plaintiff Vernon Kirby.[2] And this Court now so holds

---

**2.** Able counsel for Plaintiffs argues in brief opposing TVA's 12(b)(6) motion that TVA is not in

and further holds for the reasons hereinabove stated that under applicable statutory law [3] that TVA can be held liable in this case only for **willful conduct, which is not alleged in Plaintiffs' complaint. Thus the complaint in the above-entitled civil action and each count thereof fails to state a claim upon which relief can be granted.**

Accordingly, the 12(b)(6) motion to dismiss which this Court treats and considers as being directed to Plaintiffs' complaint as a whole and to Counts I–XII, inclusive, separately and severally, is due to be granted with respect to the complaint as a whole and to each count thereof [4] and the above-entitled civil action is thereupon due to be dismissed *without prejudice,* with leave granted Plaintiffs to file within fifteen [15] consecutive calendar days from the entry date of the Order which will be contemporaneously entered herein their Amended Complaint in the Office of the Clerk of this Court making the requisite willful conduct allegations, if they so elect, failing which this case will be promptly dismissed **with prejudice** by this Court by entry of separate order.[5]

the business of providing "occupational safety and health services" and was created for the primary purpose of promoting [improving] navigation and controlling floods. While TVA was admittedly not created by Congress for the principal purpose of providing occupational safety and health services, there is indeed no reason why it cannot provide occupational safety and health services not only to its own employees but also to the employees of independent contractors engaged in performing contract work for TVA on TVA owned property. As a matter of fact Plaintiffs' own complaint alleges that it did so in the civil action now before the Court.

3. In arriving at the legislative intent in enacting the statute regarding the liability of a party other than the employer for an employee's injuries, as codified in § 25–5–11, Code of Alabama 1975, as amended, every part of the statute as disclosed by its context and spirit will be given consideration. *Harris v. Louisville & N.R.R.,* 237 Ala. 366, 186 So. 771 (1939). There appear to be no reported cases construing the pertinent portions of §§ 25–5–11 and 25–5–53, Ala.Code, as amended, ante, pp. 22–23, relied upon by TVA in its brief and argument submitted in support of its Rule 12(b)(6) motion to dismiss in this case. This United States District Court has therefore interpreted these Alabama statutes to mean exactly what they say in applying their highlighted [emphasized] portions to the allegations of Plaintiffs' complaint.

4. All fictitious party defendants in this case were dismissed by this Court by Order entered herein on August 20, 1993. Moreover, this Order struck from Plaintiffs complaint [case caption and body] all references, descriptive and otherwise, as to fictitious party defendants. Count VIII of Plaintiffs' complaint demands judgment against the "fictitious defendants" only and clearly states no claim for relief against TVA for that reason alone.

5. TVA has not raised the issue of whether the Plaintiff wife can viably assert a claim for relief in the above-entitled civil action for loss of consortium. Thus, this Court makes no ruling at this time with respect to this particular issue.