[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 14, 2006
THOMAS K. KAHN
CLERK**

No. 05-14679
Non-Argument Calendar

D. C. Docket No. 04-00594-CV-JEO-NE

DANIEL YOUNG,
BARBARA YOUNG,

Plaintiffs-Appellants,

versus

TENNESSEE VALLEY AUTHORITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

**(February 14, 2006)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

## I.

Plaintiffs Daniel Young and Barbara Young ("plaintiffs") brought this action against the Tennessee Valley Authority ("TVA") following injuries to Daniel Young while he was working at the TVA facility at Brown's Ferry Nuclear Reactor in North Alabama. Count I of the complaint alleged negligence, willfulness, and wantonness claims. Count II alleged a loss of consortium claim on behalf of Barbara Young. The parties filed cross-motions for summary judgment. The district court[1] granted the TVA's motion and denied the plaintiffs' motion. The plaintiffs then perfected this appeal.

The issue presented on appeal is whether the district court correctly held that because TVA qualifies as a "special employer" of plaintiff Daniel Young under the Alabama Workmen's Compensation Act, TVA is entitled to the same exclusive remedy protections from a tort suit that are applicable to other special employers under Alabama law (i.e., protection from plaintiffs' allegations of willful conduct).

## II.

---

[1]Apparently, the parties consented to a magistrate judge conducting all proceedings in this cause. *See* 28 U.S.C. § 636 *et seq.*

We review a district court's grant of summary judgment *de novo*, using the same legal standards as the district court. *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1374 (11th Cir. 1996). A summary judgment is due to be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.

After reviewing the record and reading the parties' briefs, we first agree with the district court's finding that TVA qualified as a special employer of Daniel Young under Alabama law. We also conclude that TVA is entitled to the same exclusive remedy protection from a tort suit (i.e., protection against willful conduct allegations) that are applicable to other persons who are special employers under Alabama law. Where TVA meets the test for a special employer, TVA is entitled to the same exclusivity protection afforded every other employer under Alabama law. *Tweedy v. TVA*, 882 F.2d 477, 479 (11th Cir. 1989).[2]

---

[2]Young's reliance on *Kirby v. TVA,* 877 F. Supp. 578 (N.D. Ala.), *aff'd*, 41 F.3d 669 (11th Cir. 1994) (table), is misplaced. That case involved a situation in which TVA was neither the employer of the injured worker nor a "special employer."

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of TVA.

**AFFIRMED.**